**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x
DANIEL VILLARREAL,

                Plaintiff,

    - against –　　　　　　　　　　　　　　　INDEX NO. 20-CV-12 (JPO)

MONTEFIORE MEDICAL CENTER, and FASTAFF, LLC,

                Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| **LITTLER MENDELSON, P.C.** | **SCHIFF HARDIN LLP** |
| Jean L. Schmidt | Brittany H. Sokoloff |
| James F. Horton | 1185 Avenue of the Americas, Suite 3000 |
| 900 Third Avenue | New York, New York 10036 |
| New York, New York 10022 | |
| (212) 583-9600 | Paula M. Ketcham |
| *Attorneys for Defendant Montefiore* | *Pending admission pro hac vice* |
| | 233 S. Wacker Drive, Suite 7100 |
| | Chicago, IL 60606 |
| | *Attorneys for Defendant Fastaff, LLC* |

**PRELIMINARY STATEMENT**

Defendants Montefiore Medical Center ("Montefiore") and Fastaff, LLC ("Fastaff") (collectively "Defendants") by their respective attorneys, Littler Mendelson, P.C., and Schiff Hardin LLP, submit this Memorandum of Law in support of their Motion, pursuant to Rule 12(b)(6), for an order dismissing the Complaint of Plaintiff Daniel Villarreal ("Plaintiff") for failure to state a claim as a matter of law.

Plaintiff's Complaint alleges unlawful retaliation by Montefiore and Fastaff in violation of New York Labor Law §§ 740 and 741 ("Whistleblower Statutes"). Plaintiff's claims should be dismissed because he has failed to plead the necessary elements of claims under the Whistleblower Statutes. First, Plaintiff's claims under New York Labor Law § 741 should be dismissed because Plaintiff has not alleged facts that would support a reasonable belief that Montefiore violated any law, rule, or regulation as required to establish a cause of action under that statute. Second, Plaintiff's claims under § 740 should also be dismissed for his failure to allege any law, rule or regulation that Defendant actually violated, as required to establish a cause of action under that statute. For these reasons, Plaintiff's Complaint should be dismissed.

**A.     Plaintiff's Allegations**

Plaintiff alleges that, through defendant Fastaff, which places "travel nurses" in hospitals around the country, Montefiore hired him as a registered nurse in its pediatric intensive care unit. *See* ECF No. 5, Complaint, ¶¶ 6-7. He claims that in or around April 2019, he began to care for a 7-week-old infant, "Infant Patient." *Id.* at ¶ 12. The Infant Patient was born with his spinal cord outside of his body, with a portion of his brain bulging through the hole in the bottom of his skull, and with excess cerebrospinal fluid in his brain. *Id.* at ¶ 13.

After surgery, the Infant Patient was sent home. *Id.* at ¶ 14. The Infant Patient returned to the hospital with bacterial meningitis and required intubation. *Id.* After being treated by Montefiore staff, the Infant Patient began to show signs of improvement including moving his arms and legs, tracking movement across the room, cooing and babbling when addressed, and accepting physical touch from others. *Id.* at ¶ 15.

Unfortunately, after several days, an MRI, prescribed and performed by Montefiore employees, confirmed that the Infant Patient's meningitis destroyed healthy brain tissue and the cerebrospinal fluid in his brain was increasing. *Id.* at ¶ 17. Plaintiff alleges that on April 18, 2019, he observed bulging, tense fontanels[1] and the Infant Patient's head growing in circumference. *Id.* at ¶ 19.

**B.    Alleged Whistleblower Activity**

Plaintiff alleges that, on April 18, 2019, he felt that the best treatment for the Infant Patient was the placement of an extra-ventricular drain ("EVD"). *Id.* at 20. Plaintiff describes an EVD as "a type of external drain that is inserted into one of the ventricles of the brain to drain excess cerebrospinal fluid or blood." *Id.* at Fn. 2. Plaintiff alleges that he informed Montefiore's "Head Nurse" Lucy Garcia of his recommended treatment. *Id.* at ¶ 24. He then spoke with Dr. Asher Bercow, Pediatric Critical Care Unit Fellow at The Children's Hospital at Montefiore ("CHAM"), about Plaintiff's recommended treatment. *Id.* at ¶ 25. Dr. Bercow assessed the Infant Patient and "respectfully disagreed with Plaintiff regarding the placement of the EVD." *Id.* at ¶ 26. Dr. Bercow informed Plaintiff that he was concerned that "placing an EVD carried

---

[1] "Fontanel" is the space between the bones of the skull in an infant or fetus.

risks," and that the EVD "may not impact [the] Infant Patient's outcome." *Id.* Plaintiff did not agree with Dr. Bercow's assessment or the assessment of Montefiore's surgical team. *Id.* at ¶ 27.

Not receiving the answer he wanted from Dr. Bercow, Plaintiff spoke to Dr. Ying Chuu, faculty member specializing in pediatrics in the Pediatric Critical Care Unit at CHAM. *Id.* at 28. Dr. Chuu informed Plaintiff that "she and the surgical team believed an EVD may lead to intracranial hemorrhaging." *Id.* at 28.

Plaintiff, unable to convince Dr. Bercow or Dr. Chuu or the rest of the Infant Patient's surgical team that an EVD was the best course of treatment, emailed Montefiore's Nursing Manager Elvia Payne to inform her of his concerns. *Id.* at ¶ 30. Plaintiff's email admitted that the Infant Patient had an "unfortunate case of meningitis," but he believed that he knew the appropriate course of treatment for the Infant Patient. *Id.* After sending the e-mail, Plaintiff documented all of his concerns and his recommendations in the Infant Patient's treatment notes. *Id.* at ¶ 31.

Plaintiff was terminated on April 22, 2019 for entering information in a patient's chart that was outside the scope of nursing practice. *Id.* at ¶ 35. Plaintiff also alleges that on or about May 10, 2019, he was informed by Nurse Garcia that Montefiore had instructed the nurses not to provide Plaintiff with any references. *Id.* at ¶ 41.

### ARGUMENT

### POINT I
### THE APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must "state a claim that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)), which requires "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "without sufficient facts, even the most sincerely held beliefs [of discrimination] do not comprise a sufficient basis for withstanding a 12(b)(6) attack." *Williams v. Wellness Medical Care, P.C.,* 2013 WL 5420985, at *6 (S.D.N.Y. Sept. 27, 2013) (Karas, J.). Merely reciting the elements of a cause of action and presenting conclusory statements in support of that cause of action does not meet the Rule 12(b)(6) standard. *See Twombly*, 550 U.S. at 557.

**POINT II**
**PLAINTIFF'S CLAIMS UNDER LABOR LAW § 741 SHOULD BE DISMISSED**

Plaintiff's claim of retaliation under New York Labor Law § 741 fails as a matter of law. Plaintiff alleges that Montefiore's failure to place an EVD in the Infant Patient was "improper quality of patient care;" however, he does not cite any fact that would allow this Court to draw the reasonable inference that Plaintiff reasonably believed Montefiore violated a law, rule, or regulation by failing to place an EVD. Accordingly, for the reasons set forth below, Defendant's motion to dismiss Plaintiff's cause of action under § 741 should be granted.

**A.    Plaintiff's Failure to Identify a Law, Rule, or Regulation Violated.**

New York Labor Law § 741 provides, in relevant part, that "no employer shall take retaliatory action against any employee." N.Y. Lab. Law § 741(2). The statute defines an "employee" as "any person who performs health care services for and under the control and direction of any public or private employer which provides health care services." *Id.* § 741(1)(a).

To state a viable claim under § 741, Plaintiff must identify a law, rule, regulation or declaratory ruling, which he, "in good faith, reasonably believe[d]" was being violated, where such violation presents "a substantial and specific danger to public health or safety". N.Y. Lab. Law §§ 741(1)(d), (2)(a). As defined by the statute, this would involve:

4

> any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient.

N.Y. Lab. Law § 741(1)(d).

Thus, a § 741 claim must identify a practice that both (i) violates a "law, rule or regulation" and (ii) which may present "a substantial and specific danger to public health or safety" or may present "a significant threat to the health of a specific patient." N.Y. Lab. Law § 741(1)(d). While Plaintiff need not specify an exact law, rule, or regulation, he must make allegations that are an actual violation of the law, not a general allegation that defendant deviated from standard medical care. *See Webb-Weber v. Community Action for Human Servs., Inc.*, 23 N.Y.3d 448, 453 (N.Y. 2014) (holding plaintiff need not plead a specific law, but must plead facts that provide defendant notice of conduct that violates a law, rule, or regulation).

Here, Plaintiff does not even allege a standard of care. He does not allege that he spoke with one medical professional who agreed with his recommended treatment; nor does he cite a single law, rule, regulation, medical treatise, or medical study supporting his assertion that the insertion of an EVD was the proper course of treatment. Plaintiff alleges only a "respectful" difference of opinions.

Even assuming that Plaintiff is alleging that Montefiore committed medical malpractice, "[t]he requisite elements of proof in a medical malpractice [action] are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." *Holton v. Sprain Brook Manor Nursing Home*, 253 A.D.2d 852, 852 (2d Dep't 1998). "Evidence of a difference of opinion among *physicians* does not provide an adequate basis for a prima facie case of malpractice." *Id.* (emphasis added). Here, Plaintiff does

5

not allege that Montefiore deviated from an accepted standard of care, or that the Infant Patient suffered an injury, or that a difference of opinions existed among physicians.

At most, Plaintiff alleges his personal disagreement with the Infant Patient's treatment, which is insufficient to state a claim under § 741. *See, e.g.*, *Phillips v. Ralph Lauren Center for Cancer Care and Prevention,* No. 108377/2008, 2009 WL 513902, *3 (N.Y. Sup. Ct. Feb. 9, 2009) ("Plaintiff's critique of the physician's performance is insufficient to sustain a claim under Labor Law § 741.").

Thus, Plaintiff does not allege any facts that would support any reasonable belief by Plaintiff that Montefiore violated any law, rule, or regulation, and his § 741 claim should be dismissed.

## POINT III
## PLAINTIFF'S CLAIMS UNDER LABOR LAW § 740 SHOULD BE DISMISSED

Plaintiff's claim under New York labor Law § 740 also should be dismissed because he has not sufficiently pleaded this cause of action. To establish a cause of action under § 740, Plaintiff must plead that (i) Defendant engaged in an activity, policy or practice that ***actually*** violated a law, rule or regulation, and (ii) the violation creates and presents a substantial and specific danger to the public health or safety. *See* N.Y. Lab. Law § 740 (2)(a); *Pipia*, 34 A.D.3d at 665.

As discussed above "the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct." *Webb-Weber*, 23 N.Y.3d at 453. Assuming, *arguendo*, that Plaintiff's allegations satisfy the second prong of this analysis, he has not identified any fact that

6

would allow this Court to draw the reasonable inference that Defendants actually violated a law, rule or regulation to satisfy the first prong. *See Sec.* II, *supra.*

Moreover, Plaintiff has a greater burden under § 740 than under § 741, in that he must identify an *actual* violation of a law, rule or regulation; alleging a reasonable belief of a violation is insufficient to establish a § 740 claim. *See Kern v. De Paul Mental Health Servs., Inc.*, 529 N.Y.S.2d 265, 267 (N.Y. Sup. Ct. 1988), *aff'd* 152 A.D.2d 957 (4th Dep't 1989) (holding that the legislative history and Governor's memorandum of approval support an understanding that a plaintiff's cause of action under § 740 of the Labor Law must show some "activity, policy or practice of the employer that is in violation of law, rule or regulation"). "[I]n order to recover under a Labor Law § 740 theory, the plaintiff has the burden of proving that an actual violation occurred, as opposed to merely establishing that the plaintiff possessed a reasonable belief that a violation occurred." *Webb-Weber*, 23 N.Y.3d at 452.

Plaintiff has not pleaded or demonstrated that the alleged actions of Defendants were an *actual* violation of any law, rule, or regulation. Therefore, Plaintiff's § 740 claim should be dismissed.

## POINT IV
**PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL OR NON-BACK DAMAGES**

Should the Court deny Defendants' Motion to Dismiss, the Court should dismiss Plaintiff's demands for a jury trial and damages beyond back pay. A plaintiff is not entitled to a jury trial on claims asserted under either Section 740 or Section 741 of the New York Labor Law. *See Pal v. New York Univ.*, 583 Fed. Appx. 7, 10 (2d. Cir. 2014) (citing *Scaduto v. Restaurants Assocs. Indus.*, 180 A.D.2d 458, 479 (1st Dep't 1992) ("[R]ather than providing for a trial by jury, section 740(5), by its express terms, states that it is the court itself which awards

relief."). Further, a plaintiff who asserts a claim under Section 740 or Section 741 of the New York Labor Law is only entitled to back pay damages. *Id.* (citing *Scaduto*, 180 A.D.2d at 382) ("Labor Law § 740(5) only provides for equitable relief which mandates back pay, but, not more."). Therefore, Plaintiff's demands for a jury trial and damages beyond back pay should be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants Montefiore and Fastaff respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, as well as grant such further relief to Defendants as the Court deems just and proper.

Dated:  January 27, 2020
        New York, New York

**LITTLER MENDELSON, P.C.**

By: /s/ *James F. Horton*
    Jean L. Schmidt
    James F. Horton
    900 Third Avenue
    New York, New York 10022
    Tel: (212) 583-9600
    jschmidt@littler.com
    jfhorton@littler.com
    *Attorneys for Defendant Montefiore*

**SCHIFF HARDIN LLP**

   */s/ Brittany H. Sokoloff*
    Brittany H. Sokoloff
    1185 Avenue of the Americas
    Suite 3000
    New York, New York 10036
    Tel: (212) 745-9555
    bsokoloff@schiffhardin.com

Paula M. Ketcham
*Pending admission pro hac vice*
233 S. Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5539
pketcham@schiffhardin.com
*Attorneys for Defendant Fastaff, LLC*

9